Date signed February 11, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 08-23770PM |
|---|---|
| Cheryl R. Weir, | Chapter 13 |
| Debtor. | |

## MEMORANDUM OF DECISION

This matter came before the court on three Motions to Avoid Lien filed by the Debtor with respect to two different parcels of property – her principal residence located at 4700 Springmaid Lane, Oxon Hill, Maryland ("Principal Residence") and her rental property located at 2510 Emerson Drive, Frederick, Maryland ("Rental Property").  All three Motions, fraught with error, will be denied.

The Debtor's Schedule D reflects seven secured claims as follows:

| Principal Residence | Rental Property |
|---|---|
| First Mariner Bank (1st DOT) - $314,728.36 | Green Point Mortgage (1st DOT) - $259,049.99 |
| Foster Overlook HOA - $560.00 | Specialized Loan Servicing (2nd DOT) - $63,793.02 |
| | Whitter HOA - $1,200.00 |
| | Citibank (judgment lien)- $4,500.00 |
| | Discover (judgment lien)- $8,549.48 |

The Debtor valued on Schedule A the Principal Residence at $270,430.00 and the Rental Property at $200,000.00 (based on alleged comparable sales).

The court first considered Dkt. No. 28 entitled "Motion to Avoid Lien of Specialized Loan Servicing on Principal Residence Pursuant to 11 U.S.C. § 506."  This Motion references the Rental Property in paragraph 3 despite the title reference to the Debtor's "Principal Residence."  The court also notes that the Rental Property is located in Frederick County and not Prince George's County as stated in Paragraph 4.

According to the Maryland Department of Assessment and Taxation, the assessed value of the Rental Property is $313,870.00 as of January 1, 2008. The tax assessed value is merely a few thousand dollars off the total amount of the two senior secured creditors' claims. This court has traditionally accepted the State's tax assessed value (and not the phase-in assessment) for valuation purposes. Regardless, as to this Motion, the Debtor failed to properly serve Specialized Loan Servicing.[1]

The remaining two Motions (Dkt. Nos. 29, 30) are, phrased in the vernacular, a complete mess. The court relies upon the sworn Schedule D filed in this case as true and accurate. These Motions are said to address the Debtor's Principal Residence. According to Schedule D, there exists two secured claims – that of First Mariner Bank and Foster Overlook HOA. These Motions seek to avoid the liens of CitiBank and Discover, liens scheduled by the Debtor as recorded against the Rental Property and not the Debtor's Principal Residence. Clearly, the Debtor intended to reference the Rental Property and not her Principal Residence.

cc:    Debtor
       Debtor's Counsel
       Chapter 13 Trustee

**End of Memorandum**

---

[1] This Motion was not served in compliance with Local Bankruptcy Rule 3012-1(b)(3), referencing Local Bankruptcy Rule 3007-1(a) that requires service upon the individual who signed the proof of claim. See Proof of Claim No. 5.